**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1116-19

MARINA DISTRICT
DEVELOPMENT CO. LLC
T/A BORGATA

     Plaintiff-Respondent,

v.

RONALD LENOWITZ,

     Defendant-Appellant,

and

JPMORGAN CHASE BANK, N.A.[1],

     Respondent.

_____

Submitted February 3, 2021 – Decided March 2, 2021

Before Judges Geiger and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-0133-19.

---

[1] Improperly pled as JP Morgan Chase Bank, N.A.

Ronald Lenowitz, appellant pro se.

Josiah Knapp, attorney for respondent Marina District Development Co. LLC.

Stagg Wabnik Law Group LLP, attorneys for respondent JPMorgan Chase Bank (Michelle E. Tarson on the brief).

PER CURIAM

Defendant Ronald Lenowitz appeals an October 11, 2019 order requiring JPMorgan Chase Bank, N.A. (Chase), to turnover monies in defendant's bank account that were levied upon by plaintiff Marina District Development Co., LLC, trading as the Borgata. We vacate the order and remand for further proceedings.

We discern the following facts from the record. In 2018, defendant issued checks to plaintiff, drawn on defendant's checking account, that were dishonored by the bank upon which they were drawn. On January 21, 2019, plaintiff filed a Law Division collection action against defendant. Defendant was served with process on April 5, 2019. Defendant did not file a responsive pleading. On June 13, 2019, a default judgment was entered against defendant in the amount of $18,410.41 plus costs of $290. Post-judgment interest in the amount of $159.59 accrued through September 10, 2019.

A-1116-19

A writ of execution issued by the court was served on Chase by the Mercer County Sheriff on July 23, 2019. Although more than $6000 was on deposit in defendant's bank account, Chase only put a levy hold on $2101.19.

The Sheriff sent a levy notice to plaintiff and defendant on September 4, 2019. One week later, plaintiff filed a motion to turnover funds, returnable on October 11, 2019. Defendant filed and served opposing papers on October 9, 2019. The judge did not see the opposing papers by the return date and considered the motion unopposed.

In his pro se opposing papers, defendant claimed that the court did not have personal jurisdiction over him due to defective service of process. However, defendant did not appeal the judgment or file a motion to vacate it under Rule 4:50-1. He also argued that the funds on deposit in the account were exempt from levy or execution because they consisted of Social Security benefits and proceeds from a Citibank, N.A., retirement account that were directly deposited into his Chase account. Defendant relied on 26 U.S.C. § 6334(d) as to the Social Security benefits and New York Civil Practice Law and Rules (CPLR) § 5205(d)(1)(C) as to the retirement account funds. Other than his own self-serving affidavit, defendant did not provide verification that the funds

3

on deposit fell within any of these specific exemptions in his opposing papers or to this court; his assertions were unsupported.

On October 11, 2019, the Law Division judge granted plaintiff's turnover motion. This appeal followed.

Defendant raises the following points for our consideration:

> I. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR TURNOVER ORDER OF BANK ACCOUNT WITHOUT ANY CONSIDERATION OF DEFENDANT'S OPPOSITION PAPERS.
>
> II. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR TURN-OVER ORDER OF BANK ACCOUNT IN VIOLATION OF INTERNAL REVENUE CODE [26 U.S.C. § 6334(d)] WITH RESPECT TO EXEMP[T] SOCIAL SECURITY FUNDS.
>
> III. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR TURN-OVER ORDER OF BANK ACCOUNT IN VIOLATION OF SECTION 20 C.F.R. § 404.970 SSR 79-4 AND THE SOCIAL SECURITY ACT SECTION 207.
>
> IV. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR TURN OVER ORDER IN VIOLATION OF NEW YORK CIVIL PRACTICE LAW AND RULES SECTION(S) 5202 and 5205(d)(1)(C). ("NEW YORK EXEMPT INCOME PROTECTION ACT").

4

A judgment creditor may obtain a writ of execution and levy on a defendant's bank account. Morristown Mem. Hosp. v. Caldwell, 340 N.J. Super. 562, 566 (App. Div. 2001) (citing R. 4:59-1(a); R. 6:7-1(a)). The judgment creditor may then move for a turnover order of the funds levied upon. See id. at 565, 567; N.J.S.A. 2A:17-63. The defendant may oppose turnover on a claim that the funds on account are exempt from levy. See R. 4:59-1(h). The court must then determine whether the funds are exempt from levy. Ibid.

The exemptions available to a judgment debtor in New Jersey include: (a) $1000 in personal property of any kind, N.J.S.A. 2A:17-19; (b) Social Security benefits, 42 U.S.C. § 407; (c) pension benefits, 29 U.S.C. § 1056(d)(1), N.J.S.A. 25:2-1 and N.J.S.A. 43:15A-53; and (d) annuity contracts up to $500 per month, N.J.S.A. 17B:24-7. In addition, Rule 4:59-1(b)(1) excludes "electronic deposits, made on a recurring basis," from levy if "deposit[ed] into the account during the [ninety] days immediately prior to service of the writ." Defendant argues that New York has more expansive exemptions for retirement benefits under qualified retirement plans. He claims the electronically deposited funds in the Chase account were exempt from levy under Federal, New Jersey, and New York law.

Plaintiff contends the funds levied upon were not Social Security benefits or funds from a qualifying trust. Based on bank account records, it claims the account did

5

not contain any Social Security benefits that were deposited within sixty days prior to the levy. Rather, the funds on deposit were derived from defendant's professional work. It further claims that defendant deposited over $78,000 into the Chase account in the ninety days preceding the levy.

Plaintiff also argues that the levy and turnover are subject to New Jersey law because the underlying transaction took place here, the judgment was entered in New Jersey, the bank account was in New Jersey, and the levy was made in New Jersey. In addition, the credit application for the transaction leading to the debt contained a forum selection clause that provided the contract would be governed by New Jersey law. Plaintiff also argues that defendant waived any challenge to personal jurisdiction by not contesting the action before the trial court.

The record on appeal consists of the papers on file in the court below. R. 2:5-4(a). The documents supporting defendant's contention that the funds on deposit were not exempt were not part of the record before the trial court. Defendant did not move to supplement the record. Therefore, we do not consider them. See Pressler & Verniero, Current N.J. Court Rules, cmt 1 on R. 2:5-5(a) (2021) ("if no supplementation motion is made, the court will not ordinarily consider materials outside the record").

We do not reach the merits of the exemptions claimed by defendant. Our rules provide a mandatory procedure to be followed when a judgment debtor claims that

funds are exempt from levy: "If the clerk or the court receives a claim of exemption, whether formal or informal, it shall hold a hearing thereon within [seven] days after the claim is made." R. 4:59-1(h).

Here, defendant submitted an exemption claim on October 9, 2019, two days before the return date of the turnover motion. A hearing should have been held within seven days. It was not. Instead, the court granted the motion as unopposed without considering the merits of the exemption claim. We are thus constrained to vacate the turnover order and remand to the trial court for a hearing on the exemption objection raised by defendant.[2] In so ruling, we express no opinion on the merit of defendant's exemption arguments.

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] We do not fault the judge since he was unaware of defendant's exemption claim when he granted the turnover motion as unopposed.

A-1116-19